# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-4051

_____

Melanie Davis

*Plaintiff - Appellant*

v.

Anthony, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 15, 2017
Filed: March 29, 2018

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Melanie Davis sued Anthony, Inc., seeking declaratory and injunctive relief for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§

12101-12213.  The district court[1] dismissed the lawsuit.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Davis has cerebral palsy and uses a wheelchair for mobility.  She tried to eat at an Omaha steakhouse owned and operated by Anthony.

In her complaint, Davis alleges she could not access the steakhouse "due to the physical barriers to access" that fail "to comply with the requirements of the ADA and the ADAAG."[2]  First, "The accessible parking spaces in the [steakhouse's] customer parking lot lacked adjacent access aisles, in violation of ADAAG 502.2." Second, "Despite having approximately 250 total parking spaces, the [steakhouse's] customer parking lot has only 4 parking spaces reserved as accessible parking spaces, in violation of ADAAG 208.2."  Third, "Two accessible parking spaces in the [steakhouse's] customer parking lot were not reserved through posted signage, in violation of ADAAG 216.5 and 502.6."  She also alleges that these are "not to be considered all-inclusive of the barriers and violations of the ADA encountered by [her] or which exist at" the steakhouse.  The complaint says she needs "an inspection of [the steakhouse] in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG."

---

[1] The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

[2] ADAAG stands for "ADA Accessibility Guidelines."  "The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities." *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014).  The ADAAG provisions relevant here are in appendices B and D to 36 C.F.R. part 1191.

Anthony moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. It asserted mootness, claiming it remediated the violations. Anthony submitted affidavits, pictures, and invoices. The district court agreed and dismissed the case as moot.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91, *quoting Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*, *quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Questions of mootness are matters of subject-matter jurisdiction that this court reviews de novo. *Doe v. Nixon*, 716 F.3d 1041, 1051 (8th Cir. 2013).

II.

Davis says that the lawsuit is not moot because Anthony's remediation evidence is "utterly silent as to the slopes of the newly-installed spaces." Slope is governed by ADAAG 502.4. Davis does not mention ADAAG 502.4 in her complaint. She raises violations of only ADAAG 208.2, 216.5, 502.2, and 502.6. Davis says her complaint sufficiently alleges an ADAAG 502.4 violation. She believes that the complaint's allegation that "[t]he accessible parking spaces in the [steakhouse's] customer parking lot lacked adjacent access aisles, in violation of ADAAG 502.2," includes an ADAAG 502.4 violation because, according to her brief, what "qualifies as an access aisle is determined by reference to the [ADAAG], which includes requirements for, inter alia, location, width, slope, and length."

Her access-aisle allegation, however, focuses only on ADAAG 502.2, which does not mention slope. A reference to ADAAG 502.2 does not state a plausible claim for a violation of ADAAG 502.4. *See In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) ("A plausible claim must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The lawsuit as brought by Davis became moot after Anthony's remediation.

## III.

Davis challenges the district court's mootness conclusion because Anthony did not submit evidence of actual remediation until its reply brief to the motion to dismiss. She claims, "Anthony's attempt to argue for the first time in its Reply Brief that it had actually remediated its parking lot was improper and should be treated as a waived argument."

At the district court, Davis did not object to Anthony's attaching evidence to its reply brief. "Trial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008), *quoting Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The district court did not abuse its "wide discretion" allowing evidence on jurisdictional issues. *See id.*

## IV.

Davis says that the district court prematurely ruled on mootness before allowing discovery about other ADA violations that could be litigated in this case—specifically "what, if any, other barriers affecting her disability existed at [the steakhouse] at the time [she] brought her claim." This court reviews "the denial of

-4-

a request for discovery utilizing an abuse of discretion standard." ***Johnson***, 534 F.3d at 964.

Davis invokes *Steger v. Franco, Inc.*, 228 F.3d 889, 894 (8th Cir. 2000): a plaintiff who has standing to sue for a specific, encountered ADA violation in a building also "has standing to seek relief for any ADA violations in the [defendant's building] affecting his specific disability," despite not encountering the other violations. Davis says her standing to sue for the parking-space violations she encountered also includes her standing to sue for violations inside the steakhouse that she did not encounter. She says, "An opportunity to discover . . . barriers [inside the steakhouse] is a logical extension of this Court's holding in *Steger*."

Davis has standing to sue for the parking-space violations she encountered. *See **Steger***, 228 F.3d at 893. In *Steger*, the plaintiff Burch encountered, inside a building, a violation that affected his disability. ***Id.*** at 891-92. This court held that Burch's encounter with a violation in the *building* gave him standing to sue for unencountered violations in that building. ***Id.*** at 894.

The *Steger* case expands standing only when the plaintiff encounters a violation in a building. Unlike Burch, Davis did not enter the steakhouse—a "building" under the ADAAG. *See* **36 C.F.R. pt. 1191, app. B, § 106.5** (a "building" is "[a]ny structure used or intended for supporting or sheltering any use or occupancy."). She encountered only the parking space—which is not within the definition of "building." *Compare **id.** with **id.*** at § 208.3.1 (noting that parking spaces serve buildings). Davis cannot use the violation encountered in the parking space to expand her standing to sue for unencountered violations inside the steakhouse that never injured her. *See **Spokeo, Inc. v. Robins***, 136 S. Ct. 1540, 1547 (2016) ("injury in fact" is "the first and foremost of standing's three elements.") (citation and internal quotation marks and alteration omitted); ***Sierra Club v. U.S. Army Corps of***

***Engineers***, 446 F.3d 808, 814 (8th Cir. 2006) ("Jurisdictional issues such as standing . . . are determined at the time the lawsuit was filed.").

Lacking support in this court's precedent, Davis turns to *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008). "*Doran* held that, once a plaintiff establishes that he encountered a barrier which deterred him from use and enjoyment of the facility, that plaintiff could then send an expert into the store to discover other ADA violations." ***Chapman v. Pier 1 Imports (U.S.) Inc.***, 631 F.3d 939, 959 (9th Cir. 2011) (en banc) (Smith, J., concurring). Davis did not request to send an expert into the steakhouse.

At any rate, the *Doran* rule relies on the "deterrent effect doctrine." *See* ***Doran***, 524 F.3d at 1043-44. Under that doctrine, "[a] disabled individual . . . suffers a cognizable injury [for Article III standing purposes] if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." ***Chapman***, 631 F.3d at 949. Davis believes *Doran* authorizes discovery because she alleges that the barrier encountered in the parking space deterred her from returning. This court has not adopted the deterrent effect doctrine and declines to do so. Davis's request for discovery is futile because she does not have standing to sue in this lawsuit. *See* ***Spokeo***, 136 S. Ct. at 1547; ***Sierra Club***, 446 F.3d at 814; ***Steger***, 228 F.3d at 894.

V.

Davis believes that in deciding the Rule 12(b)(1) motion, the district court should have given her the procedural protections of either Rule 12(b)(6) or Rule 56. She says that by Rule 12(b)(6), the district court should have looked only to the complaint—which, according to her, establishes that the lawsuit is not moot—and not the evidence Anthony submitted. By Rule 56, she contends that Anthony's motion should have been deferred until she conducted discovery. *See* ***Jackson v. Riebold***,

815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate only after the nonmovant has had adequate time for discovery.") (citation and internal quotation marks).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). A factual attack occurs "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction." *Kerns*, 585 F.3d at 193. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6 (internal citation omitted).

Here, Anthony made a factual attack, so Rule 12(b)(6)'s procedural protections do not apply. As for Rule 56, this court has explained:

> To request discovery under [Rule 56(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Johnson*, 534 F.3d at 965 (internal citations omitted). Davis filed an affidavit, but it focuses mostly on the remediation of the parking spaces. Her affidavit refers only once to unencountered barriers: "It is my experience that when a business has accessibility violations in its parking lot, that the business will very often have accessibility violations in its interior." Davis states in her pleading accompanying the

affidavit that she "needs a site inspection in order to identify any other barriers affecting her disability." But the combination of that statement and the affidavit does not satisfy *Johnson*. The district court did not err.

*******

The judgment is affirmed.

KELLY, Circuit Judge, concurring.

I respectfully disagree with the court's conclusion that Davis lacked standing to seek injunctive relief for ADA violations located inside Anthony's restaurant. I believe the district court's dismissal of Davis's complaint should nevertheless be affirmed because her lawsuit—as she brought it—was moot after Anthony remediated all the violations she identified in her complaint, and she did not thereafter request an onsite inspection of the restaurant.

"Title III of the ADA prohibits discrimination on the basis of disability in a place of 'public accommodation.'" Disability Support All. v. Heartwood Enters., No. 16-1759, 2018 WL 1403574, at *1 (8th Cir. Mar. 21, 2018) (quoting 42 U.S.C. § 12182(a)). "'Discrimination' includes 'failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.'" Id. (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). In relevant part, the ADA's implementing regulation defines a "[p]lace of public accommodation" as "a *facility* operated by a private entity whose operations affect commerce." 28 C.F.R. § 36.104 (emphasis added). In turn, it defines "facility" as "all or any portion of *buildings*, structures, sites, complexes, equipment, . . . walks, passageways, *parking lots*, or other real or personal property, including the site where the building, property, structure, or equipment is located." Id. (emphasis added). The regulation requires removal of "architectural barriers in existing facilities," id. § 36.304(a), and authorizes private suits to enforce its

-8-

provisions through injunctive relief, including "an order to alter facilities to make such facilities readily accessible." Id. § 36.501; see also 42 U.S.C. § 12188(a)(2) (authorizing private suits for injunctive relief including "an order to alter facilities to make such facilities readily accessible").[3] In my view, Anthony's restaurant and parking lot are a single facility, and consistent with Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000), Davis had standing to seek injunctive relief against all violations affecting persons with her disability at that facility.[4]

I believe the court has read Steger too narrowly. In that case, five plaintiffs sued the owner of a retail and office building, seeking to bring the building into compliance with the ADA. Id. at 891. We held that four of the plaintiffs lacked standing because, when the lawsuit was filed, they had not patronized, or even tried to patronize, the building. Id. at 893. Notably, we concluded that the fifth plaintiff, Burch, had standing because he had visited the building and encountered an ADA violation that affected his disability while there. Id. at 891–93. The more specific question we faced was the scope of Burch's standing. Burch argued he had standing to seek relief for all ADA violations in the building, including those that were not related to his disability. Id. at 893. The owner of the building contended that Burch had standing only as to the specific violation he had actually encountered, which the

---

[3]Similarly, the appendices to 36 C.F.R. Part 1191 list the "scoping and technical requirements for accessibility to sites, facilities, buildings, and elements by individuals with disabilities," 36 C.F.R. Pt. 1191, App. B 101.1, and define "facility" as "[a]ll or any portion of buildings, structures, site improvements, elements, and pedestrian routes or vehicular ways located on a site." Id. App. B 106.5.

[4]I believe Davis suffered an injury-in-fact when she encountered the violations in the parking lot, and her intent to patronize Anthony's restaurant in the imminent future was sufficient to convey standing as to the entire facility. See Steger, 228 F.3d at 892–94; see also Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 949–50 (9th Cir. 2011). I thus believe the court's discussion of the deterrent-effect doctrine is premature, as it is not necessary to our resolution of this appeal.

owner had since remediated.  Id. at 893–94.  We held that Burch "ha[d] standing to seek relief for any ADA violations in the [building] affecting his specific disability," including violations located in other parts of the building he had not yet encountered. Id. at 894.  Notably, our holding did not limit the geographic scope of Burch's standing.  To the contrary, Burch sought to remedy violations in the building only, we found standing as to the entire building, and the parking lot was never at issue. See id. at 891 ("The focus of plaintiffs' lawsuit is the [building].").

But Anthony remediated all the violations that Davis listed in her complaint, and she did not adequately request an onsite inspection after it did so.  To request jurisdictional discovery, a party must submit an affidavit describing, inter alia, "what facts are sought and how they are to be obtained," and "what efforts the affiant has made to obtain them."  Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008). Davis made only passing references to an onsite inspection in her complaint, a brief in opposition to Anthony's motion to dismiss, and an attached affidavit.  She did not file a separate motion to compel or otherwise formally request discovery, and she did not indicate what, if any, efforts she had made to arrange an inspection with opposing counsel.  In short, Davis did not put the district court on notice that she was requesting jurisdictional discovery, nor did she make an adequate showing that she was entitled to it.

_____

-10-