Wilhelmina M. Wright, United States District Judge
Plaintiff Scott Smith alleges numerous violations of the Americans with Disabilities Act arising from architectural barriers located at a Domino's Pizza restaurant. Before the Court are the motions of Defendants Bradley Pizza, Inc., and Pamela M. Dahl to dismiss Smith's complaint. (Dkts. 29, 64.) Also before the Court is Smith's appeal of the January 24, 2018 Order of United States Magistrate Judge Katherine M. Menendez, which denied Smith's motion for service-of-process expenses and attorneys' fees, as well as his request for leave to amend the complaint. (Dkts. 72, 87.) For the reasons addressed below, the Court denies Defendants' motions to dismiss and affirms the January 24 Order.
BACKGROUND
Smith, who has a disability that requires him to use a wheelchair for mobility, visited a Domino's Pizza franchise (Domino's) located in Red Wing, Minnesota, on May 25, 2017. When he arrived at the location, Smith found that the parking lot did not contain enough accessible parking spaces, and the sole parking space marked as accessible *1021 was not designated by a sign, was not adjacent to an access aisle, and was not located on an accessible route to the Domino's entryway. Smith also alleges that the threshold to the entryway appeared to be higher than .5 inches. These architectural barriers deterred Smith from patronizing the Domino's, but he plans to return to the Domino's when the architectural barriers are removed.
Smith commenced this action against Defendant Bradley Pizza, Inc., a corporation that owns and operates the Domino's, and Defendant Pamela M. Dahl, who owns the property on which the Domino's is located (the property). Smith alleges that the architectural barriers listed in the complaint violate the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. , and he seeks a declaratory judgment, injunctive relief, and attorneys' fees and costs. Bradley Pizza answered the complaint on July 7, 2017. After Bradley Pizza advised the Court that it intended to move to dismiss Smith's complaint for mootness because it had brought the property into compliance with the ADA, the magistrate judge stayed all other pretrial litigation pending the resolution of the mootness issue. Shortly thereafter, Smith sought leave to move to amend his complaint. Because all matters unrelated to mootness had been stayed, the magistrate judge denied Smith's request, which this Court subsequently affirmed. Bradley Pizza moved to dismiss for lack of jurisdiction on November 10, 2017; and Dahl, who was not served with the complaint until December 14, 2017, moved to dismiss for lack of jurisdiction and failure to state a claim on January 4, 2018.
Smith subsequently moved for an award of service-of-process expenses, as well as the attorneys' fees he incurred filing the motion for expenses, because Dahl allegedly failed to waive service of process. Although the mootness issue had not been resolved and all other pretrial matters were stayed, Smith also sought leave to amend the complaint. In the January 24 Order, the magistrate judge denied both the motion for service-of-process expenses and attorneys' fees and the request for leave to amend the complaint. The magistrate judge reasoned that "the first thing that should be decided in this case is whether the Defendants have ... remedied the issues that were specifically identified in the complaint." The magistrate judge explained that, should this Court deny the motions to dismiss, Smith will be permitted to amend the complaint. Smith timely appealed the January 24 Order.
ANALYSIS
Bradley Pizza moves to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). However, any motion to dismiss under Rule 12(b)"must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The Court generally construes a motion to dismiss filed after a responsive pleading as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c) ; accord St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty. , 857 F.2d 1185, 1187 (8th Cir. 1988). Because Bradley Pizza filed an answer to Smith's complaint before moving to dismiss the complaint, the Court construes this motion to dismiss as a motion for judgment on the pleadings.
I. Subject-Matter Jurisdiction
Defendants move to dismiss and for judgment on the pleadings for lack of subject-matter jurisdiction on two grounds-standing and mootness. The jurisdiction of federal courts extends only to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1 ; accord *1022 Neighborhood Transp. Network, Inc. v. Pena , 42 F.3d 1169, 1172 (8th Cir. 1994). Questions of standing and mootness implicate the court's subject-matter jurisdiction. Charleston Hous. Auth. v. U.S. Dep't of Agric. , 419 F.3d 729, 739 (8th Cir. 2005) ; Faibisch v. Univ. of Minn. , 304 F.3d 797, 801 (8th Cir. 2002).
When deciding a motion for dismissal or judgment on the pleadings for lack of subject-matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.' " Osborn v. United States , 918 F.2d 724, 729 n.6 (8th Cir. 1990). A defendant's facial attack challenges the sufficiency of a plaintiff's pleadings. Branson Label, Inc. v. City of Branson , 793 F.3d 910, 914 (8th Cir. 2015). The court, in turn, determines whether the pleadings allege sufficient facts to support subject-matter jurisdiction. Id. In doing so, the court considers only the pleadings, and the nonmoving party receives the same protections that it would receive if a motion to dismiss for failure to state a claim were before the court. Osborn , 918 F.2d at 729 n.6. By contrast, a defendant's factual attack challenges the existence of subject-matter jurisdiction. Branson Label , 793 F.3d at 914-15. When ruling on a factual attack, the court considers matters outside the pleadings, and the nonmoving party proceeds without "the benefit of 12(b)(6) safeguards." Osborn , 918 F.2d at 729 n.6 ; see also Disability Support All. v. Geller Family Ltd. P'ship III , 160 F.Supp.3d 1133, 1135-39 (D. Minn. 2016) (applying factual attack standard in an ADA case and considering declarations attached to pleadings). Here, Dahl asserts a facial challenge to Smith's standing because her challenge concerns, in part, the sufficiency of the pleadings. And Defendants both assert a factual challenge to subject-matter jurisdiction on mootness grounds, arguing that Defendants adequately remedied the barriers to access identified in the complaint.
A. Standing
Dahl argues that Smith lacks standing because he is unlikely to return to the property and, therefore, he does not face any imminent threat of future harm. Smith relies on the pleadings to counter this argument. In the complaint, Smith states his intention to return to this Domino's location as soon as it complies with the ADA.
To satisfy the case-or-controversy requirement of Article III, a plaintiff must establish standing as an "indispensable part of the plaintiff's case." Lujan v. Defs. of Wildlife , 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ; accord Hargis v. Access Capital Funding, LLC , 674 F.3d 783, 790 (8th Cir. 2012). To meet this standing requirement, the plaintiff must (1) have suffered an injury in fact, (2) establish a causal relationship between the contested conduct and the alleged injury, and (3) show that a favorable decision would redress the injury. Lujan , 504 U.S. at 560-61, 112 S.Ct. 2130 ; accord Hargis , 674 F.3d at 790. Because Dahl does not contest the causality or redressability prongs of the standing inquiry, only the injury-in-fact requirement is at issue.
To allege an "injury in fact" that confers standing to seek injunctive relief, a plaintiff must face a threat of ongoing or future harm. Park v. Forest Serv. of the U.S. , 205 F.3d 1034, 1037 (8th Cir. 2000). For an ADA claim, a party's intention to return to a facility that allegedly contains architectural barriers is a threat of future harm that is an injury in fact. See Sawczyn v. BMO Harris Bank Nat'l Ass'n , 8 F.Supp.3d 1108, 1111 (D. Minn. 2014). When determining whether a plaintiff intends to return to a property that contains architectural barriers, courts consider factors such as the plaintiff's proximity to the facility, the frequency of the plaintiff's nearby travel, the plaintiff's *1023 past patronage, and the definiteness of the plaintiff's plans to return. Id. at 1112. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice...." Lujan , 504 U.S. at 561, 112 S.Ct. 2130.
Smith lives in Burnsville, Minnesota, which is approximately 45 miles from the Domino's in Red Wing, Minnesota. Smith does not allege that he visited the Domino's prior to the May 2017 visit, nor does he allege that he frequently travels to Red Wing. However, Smith alleges that he "plans to return and patronize 'Domino's Pizza' when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility." At this early stage in the litigation, a general allegation of intent to return can meet the requirement for threat of future harm, even when a plaintiff pleads no facts indicating regular or frequent patronage. See Sawczyn , 8 F.Supp.3d at 1112 (explaining that plaintiff's allegations need only support an inference "that he might reasonably be expected to visit [the facility] again"). Because Smith asserts that he intends to return to the Domino's at a specific point in time, Smith satisfies the injury-in-fact requirement of the standing inquiry at this stage in the litigation.
B. Mootness
Defendants also challenge the existence of subject-matter jurisdiction over Smith's claim on the ground that the claim is moot. Defendants argue that the alleged ADA violations identified in the complaint have been remedied. Smith contests this assertion and claims that the specified architectural barriers remain.
Questions of mootness implicate the Court's subject-matter jurisdiction. Charleston Hous. Auth. , 419 F.3d at 739. "A case becomes moot-and therefore no longer a Case or Controversy for purposes of Article III-when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc. , 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted).
The ADA prohibits discrimination against people with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Such discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). A claim is moot when the defendant has voluntarily ceased the offending practice or conduct and it is "absolutely clear" that the offending practice or conduct is unlikely to recur. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc. , 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (internal quotation marks omitted); accord Strutton v. Meade , 668 F.3d 549, 556 (8th Cir. 2012). This stringent standard can be met in an ADA case when a defendant makes structural changes to a property to remove the alleged architectural barriers identified in the complaint such that no question of compliance remains before the court. Oliver v. Ralphs Grocery Co. , 654 F.3d 903, 905 (9th Cir. 2011).
Smith's complaint identifies three architectural barriers under the ADA and the ADA Accessibility Guidelines (ADAAG):[1]
*1024 (1) the parking lot of the Domino's did not contain any fully accessible parking spaces, (2) the parking space designated as accessible was not marked with ADAAG-compliant signage, and (3) the threshold of the entryway to the Domino's was too high to traverse in a wheelchair. Defendants argue that Smith's ADA claim is moot because Defendants remedied the architectural barriers identified in the complaint by undertaking all "readily achievable" repairs such that nothing remains for the Court to enjoin.
Although Defendants argue that they removed the architectural barriers in the parking lot by installing a sufficient number of accessible parking spaces, Smith disputes this claim. When visiting the property in May 2017, Smith alleges, none of the parking spaces complied with ADAAG 502,[2] which is a violation of ADAAG 208.2.[3] Because the parking spaces remain noncompliant with the ADA and ADAAG, Smith maintains, a live controversy requiring the Court's involvement remains.
Defendants do not appear to dispute that, when Smith visited the Domino's in May 2017, the parking lot did not contain the requisite number of accessible parking spaces and the single space designated as accessible did not conform to the requirements of ADAAG 502. But now the spaces are compliant, Defendants maintain. After Smith filed the complaint, Defendants designated two parking spaces as accessible and marked the parking spaces and their access aisles with painted signs on the parking lot. One parking space is adjacent to the Domino's entryway, and the second parking space is adjacent to a neighboring building that shares the parking lot.
Smith argues that the accessible parking space in front of the Domino's does not meet the requirements of ADAAG 502 because the slope of the parking space is too steep.[4] ADAAG 502.4 provides that an accessible parking space or access aisle may not be steeper than 1:48, or 1.19 degrees. ADAAG 502.4. Smith asserts that his measurements, and even Defendants' measurements, demonstrate that the parking space contains noncompliant slopes. Defendants challenge the credibility of this evidence. Indeed, Smith's evidence of noncompliant slopes lacks indicia of reliability. Smith presents a statement by an "expert," Peter Hansmeier, without any credentials or other indicia of expertise that qualify Hansmeier to make accessibility determinations. But even Defendants' expert, Julee Quarve-Peterson, presents *1025 measurements demonstrating that the slope of the parking space in front of the Domino's exceeds the slope allowed by ADAAG 502.4.[5]
The "heavy burden" of demonstrating mootness rests with Defendants. See Laidlaw , 528 U.S. at 189, 120 S.Ct. 693 (internal quotation marks omitted). The absence of evidence that barriers have been removed is sufficient to defeat a motion to dismiss for mootness, despite Defendants' remediation efforts and the dearth of affirmative evidence of noncompliance. See Sawczyn , 8 F.Supp.3d at 1114 (denying dismissal for mootness because court could not conclude as a matter of law that defendant had satisfied its heavy burden of establishing voluntary cessation).
Defendants maintain that the slope of the parking space does not violate the ADA because they performed all readily achievable remedies. Defendants' expert, Quarve-Peterson, states that the accessible route is "reasonable at an existing building and site constructed before 1991 and compliant with the ADA guidelines issued by the United States Department of Justice." Quarve-Peterson also observes that the ADAAG "are used differently depending on whether a small business is altering an existing building, building a brand new facility, or removing architectural barriers that have exist[ed] for years." However persuasive this reasoning may be to determining whether additional alteration to the accessible parking space is "readily achievable" (and, therefore, whether Smith will ultimately succeed on his claim that the parking space violates the ADA), this argument fails to address whether Defendants have met their burden to establish that all architectural barriers identified in the complaint have been removed. Without proof demonstrating that they have removed the architectural barrier of excessive slope in the parking space in front of the Domino's, Defendants have not established that Smith's claim is moot.
In summary, despite Defendants' effort to bring the property into compliance with the ADA, an architectural barrier identified in the complaint remains on the property.[6] Smith's claim alleging a violation of the ADA is not moot. Accordingly, Defendants' motions for dismissal and judgment on the pleadings for mootness are denied.
II. Failure to State a Claim
Dahl also moves to dismiss Smith's complaint for failure to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Dahl maintains that Defendants have obtained "readily achievable" compliance with the ADA and ADAAG. Smith contests dismissal, arguing that the "readily achievable" claim is an affirmative defense that exceeds the scope of the mootness question.
Failure to remove an architectural barrier "where such removal is readily achievable" violates the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv). The claim that removal of an architectural barrier is not readily achievable ordinarily is an affirmative defense. See Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship I , 264 F.3d 999, 1002-03 (10th Cir. 2001). Factors bearing on whether removal of a barrier is readily achievable include the nature and cost of the barrier's removal, the financial resources of the business or property, the *1026 expense of remediation, and the impact of remediation on the business and its operations. See Gathright-Dietrich v. Atlanta Landmarks, Inc. , 452 F.3d 1269, 1273 (11th Cir. 2006). However, "a plaintiff need not plead facts responsive to an affirmative defense before it is raised." Braden v. Wal-Mart Stores, Inc. , 588 F.3d 585, 601 n.10 (8th Cir. 2009).
At an early stage in this lawsuit, the magistrate judge stayed all pre-trial litigation unrelated to mootness and barred the parties from conducting discovery on any other issue. For this reason, Smith is not prepared to address any factor that is germane to Dahl's "readily achievable" affirmative defense. Because the parties have neither conducted relevant discovery nor fully briefed the factors bearing on this issue, Dahl's motion to dismiss for failure to state a claim is denied.
III. Smith's Appeal of the January 24 Order
Smith challenges the decision of the magistrate judge to deny both his motion for an award of service-of-process expenses and attorneys' fees and his request for leave to amend the complaint prior to resolution of the mootness issue.
The Court's review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential." Scott v. United States , 552 F.Supp.2d 917, 919 (D. Minn. 2008). A ruling of this nature will be modified or set aside only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) ; Fed. R. Civ. P. 72(a) ; LR 72.2(a)(3) ; Ferguson v. United States , 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Wells Fargo & Co. v. United States , 750 F.Supp.2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted).
In support of the decision to deny service-of-process expenses and attorneys' fees, the magistrate judge concluded that Smith failed to comply with Rule 4(d). Fed. R. Civ. P. 4(d). Rule 4(d) requires a plaintiff to deliver sufficient copies of the required documents to the defendant through a reliable means. See id. Smith failed to deliver the documents to Dahl, providing them to Dahl's counsel instead. As the magistrate judge observes:
[M]ost critically, even assuming that [Smith's counsel's] actions complied with Rule 4(d)(1)'s requirements to provide a specific set of materials with two copies and a waiver form, the record demonstrates that Ms. Dahl never authorized either of her attorneys to accept service on her behalf. The mere fact that Messrs. Sheu and Sullivan represent Ms. Dahl is not a basis for concluding that they were authorized to waive service or accept it on her behalf.
Smith contends that he complied with the procedural requirements of Rule 4(d) by providing copies of the requisite forms to Dahl's attorneys, who are proper recipients of waiver forms even if they are not authorized to receive service of process. Smith's argument lacks the support of any rule of civil procedure and defies logic. As a defendant must be personally served with the summons and complaint unless the defendant's counsel is authorized to receive service of process, see Schultz v. Schultz , 436 F.2d 635, 639-40 (7th Cir. 1971), it follows that only the defendant, herself, can waive the right to receive personal service. Because Smith failed to comply with the requirements of Rule 4(d), the magistrate judge correctly determined that Smith is not entitled to service-of-process expenses.
*1027 The magistrate judge also denied Smith's request for the attorneys' fees that he incurred when bringing the motion for expenses. Although Rule 4(d)(2)(B) authorizes attorneys' fees for any motion required to collect expenses, Smith's motion was not required because he neither completed the meet-and-confer process nor confirmed that Dahl was unwilling to pay her service-of-process expenses prior to initiating the motion. See Fed. R. Civ. P. 4(d)(2)(B). Because Smith's motion was not required to collect the expenses, the magistrate judge determined that attorneys' fees are not warranted. This ruling is not clearly erroneous or contrary to law. As such, there is no justification for modifying or setting aside the magistrate judge's denial of Smith's motion for service-of-process expenses and attorneys' fees.
Smith also appeals the magistrate judge's denial of his request for leave to amend the complaint prior to resolution of the mootness issue. Again, Smith misconstrues the magistrate judge's ruling. The January 24 Order provides that, in the event that this Court denies Defendants' motions to dismiss, Smith will be granted leave to amend his complaint. As those motions are denied, Smith is granted leave to amend his complaint within 21 days after the date of this order.
ORDER
Based on the foregoing analysis and all the files, records, and proceedings herein, IT IS HEREBY ORDERED :
1. Defendant Bradley Pizza, Inc.'s motion to dismiss, (Dkt. 29) is DENIED .
2. Defendant Pamela M. Dahl's motion to dismiss, (Dkt. 64), is DENIED .
3. The January 24, 2018 Order, (Dkt. 72), is AFFIRMED .
4. Any amended complaint shall be filed no later than 21 days after the date of this order.

The ADAAG "lay out the technical structural requirements of places of public accommodation." Fortyune v. Am. Multi-Cinema, Inc. , 364 F.3d 1075, 1080-81 (9th Cir. 2004). "Although the ADAAG ... do not apply to facilities existing before the ADA's effective date, they provide valuable guidance for determining whether an existing facility contains architectural barriers." Hubbard v. 7-Eleven, Inc. , 433 F.Supp.2d 1134, 1138 (S.D. Cal. 2006) (internal quotation marks omitted).

ADAAG 502 sets forth requirements for parking spaces, including both the size of a parking space and the dimensions of its accompanying access aisle.

ADAAG 208.2 requires any parking lot with more than 25 and as many as 50 parking spaces to maintain at least two accessible parking spaces.

Defendants assert that Smith's complaint fails to plead sufficient facts concerning the slope for it to affect the Court's mootness analysis, citing Davis v. Anthony, Inc. , 886 F.3d 674, 677, (8th Cir. 2018). In Davis , the Eighth Circuit affirmed the district court's dismissal of similar ADA claims for mootness, despite having no evidence that the slopes of the parking spaces at issue complied with the ADAAG. Id. Because the complaint did not reference the slopes of the parking spaces or the ADAAG provision governing slope, the Davis court concluded that the defendant did not need to provide evidence of compliant slopes to moot the plaintiff's claims. Id. But Smith's complaint specifies that a parking space must comply with the ADAAG's slope requirements to be accessible, and the complaint references ADAAG 502 to illuminate the requirements of an accessible parking space. ADAAG 502.4, which addresses slope, is a subdivision of ADAAG 502. For the consideration of mootness, Smith's complaint properly raises the issue of slope. However, the Court declines to address the sufficiency of the pleadings for any other purpose.

Quarve-Peterson concludes that the "running slope" of the parking space (the front-to-back slope) is 1.4 degrees at the head of the space and 3.14 degrees "in the middle of the space where a vehicle would be parked."

Because the presence of this architectural barrier defeats Defendants' motions on mootness grounds, the Court need not address the remaining barriers identified in the complaint.