# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3774
_____

Melanie Davis,

*Plaintiff - Appellant,*

v.

Morris-Walker, LTD; Orchard Park, LLC,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: November 13, 2018
Filed: April 29, 2019
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Melanie Davis sued the owner of a restaurant and the owner of real property where the restaurant is located, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Davis uses a wheelchair and claims that deficiencies in the restaurant parking lot deprived her of full and equal enjoyment of

the restaurant. After the owners made changes to the lot, the district court[1] dismissed Davis's complaint as moot and denied her motion for leave to amend the complaint. Davis appeals, and we affirm the decision, although we clarify that the dismissal for lack of jurisdiction is without prejudice.

I.

Davis claims that on both May 3, 2016, and March 4, 2017, she attempted to patronize Emma Krumbee's, a restaurant in Belle Plaine, Minnesota. Her complaint alleged that the defendants failed to comply with the ADA, because "[t]he 'Emma Krumbee's' customer parking lot had approximately 130 total parking spaces, but had only 3 spaces reserved as accessible parking spaces, rather than the required 5." The three reserved spaces were also deficient, she asserted, because one lacked an accessibility sign and the signs for the other two spaces were not posted high enough above the ground. One of the three spaces allegedly did not have an adjacent access aisle. Finally, the complaint asserted that the accessible route from the three reserved parking spaces to the restaurant traversed broken asphalt and required travel through a vehicular way rather than a sidewalk.

Davis sued the owner of Emma Krumbee's and the owner of the real property. Her complaint alleged that the parking lot deficiencies violated the ADA and the Minnesota Human Rights Act, and she sought an injunction directing the owners to remedy those problems. The owners moved to dismiss the complaint for lack of jurisdiction, arguing that they had remedied the alleged deficiencies and that the case was therefore moot.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Davis moved for summary judgment and claimed that the parking lot still did not have enough accessible spaces. Even with the improvements, Davis argued, the lot had only four accessible spaces, but her complaint had alleged that five were required. Davis also moved to amend her complaint to add allegations of deficiencies inside the Emma Krumbee's restaurant.

The district court dismissed Davis's ADA claim as moot and declined to exercise supplemental jurisdiction over her state law claim. Because the owners raised a factual attack on the district court's subject matter jurisdiction, the court was permitted to resolve factual disputes and was not required to accept as true every allegation in the pleadings. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

Although Davis alleged that the customer parking lot included approximately 130 spaces, the district court found that it included only eighty-eight. The court explained that Davis, to arrive at a total of 130 spaces, had counted spaces from an adjacent overflow lot. The court determined, however, that the overflow lot was a separate "facility" under the relevant ADA regulations, *see* 36 C.F.R. pt. 1191, app. B § 208.2, and that any claim regarding the overflow lot was not properly before the court.

Because ADA regulations require four accessible parking spaces for a facility with 76 to 100 spaces, the court concluded the owners had now provided "a sufficient number of accessible parking spaces for the Restaurant," denied Davis's motion for summary judgment, and dismissed the complaint as moot. The court also denied Davis's motion to amend her complaint as futile, because Davis had never entered the restaurant and thus lacked standing to litigate alleged ADA violations occurring inside. We review the district court's legal conclusions *de novo*, its factual findings for clear error, and its denial of the motion for leave to amend for abuse of discretion.

*See Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914-15 (8th Cir. 2015); *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004).

## II.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). A defendant's voluntary compliance with a plaintiff's demands will moot a case if the defendant shows that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation marks omitted). In the context of the ADA, we have held that a defendant's permanent physical improvements—such as the installation of parking spaces, ramps, pull and grab bars, and chair lifts—are sufficient to eliminate a case or controversy if they provide the requested relief. *See Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018); *Davis v. Anthony, Inc.*, 886 F.3d 674, 676-77 (8th Cir. 2018); *Hickman v. Missouri*, 144 F.3d 1141, 1144 (8th Cir. 1998).

Davis does not contest the permanence of the changes to the Emma Krumbee's parking lot, but argues that there is still a live dispute about whether the defendants are required to designate more parking spaces as accessible. She complains that the district court essentially rejected her claim on the merits while mistakenly characterizing the decision as jurisdictional.

As the case comes to us on appeal, the parties agree that there are two separate parking facilities at Emma Krumbee's—a restaurant lot with eighty-eight spaces for customer parking, and an overflow lot with forty-three spaces. Davis contends that the ADA requires four accessible spaces in the restaurant lot and two accessible spaces in the overflow lot. Her claim regarding the restaurant lot is moot; that lot now

includes the four permanent spaces that Davis sought. Davis argues, however, that there is still a live dispute over her allegation that the overflow lot should include two accessible spaces.

We conclude that the district court properly dismissed the complaint for lack of jurisdiction, because Davis lacks standing to sue over alleged deficiencies in the overflow lot. A plaintiff invoking federal jurisdiction must establish that she has suffered an injury in fact, that a causal connection exists between that injury and the defendant's conduct, and that her injury is likely redressable by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury must be "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted).

Davis's complaint does not allege that she was injured by defects in the overflow parking lot. She never claims that she entered the overflow lot or sought to park there. The complaint focuses instead on alleged problems in the restaurant parking lot: one of the three accessible spaces in that lot was missing the appropriate sign, signs for the other two spaces were not posted high enough off the ground, and one space lacked an adjacent access aisle. The accessible route about which Davis complained led from the restaurant parking lot to the restaurant. The three exhibits attached to the complaint are photographs of the restaurant parking lot. The only arguable reference to the overflow lot is Davis's allegation that the "customer parking lot" included a total of approximately 130 parking spaces, but Davis now concedes that the spaces are allocated between two separate facilities, and she never claims to have visited the second.

Davis's standing to sue over deficiencies in the restaurant parking lot does not extend to the overflow lot. To be sure, this court held in *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000), that a plaintiff who encountered certain ADA violations in a particular building had standing to seek relief for other related ADA violations in

the same building, even though he had not encountered them. *Id.* at 894. But a plaintiff's ability to sue over violations in a single building does not extend to violations in separate facilities. A plaintiff who encounters an alleged ADA violation in a parking lot outside a building does not have standing to sue over violations inside the building. *Davis*, 886 F.3d at 678. A plaintiff who encounters a violation in one building cannot sue over violations in a neighboring building that she never entered. And a plaintiff like Davis, who encountered ADA violations in one parking facility, lacks standing to sue over alleged violations in a separate parking facility that she never visited. We thus conclude that the district court properly dismissed Davis's complaint and did not err in denying her motion for summary judgment.

We further conclude that the district court did not abuse its discretion in denying Davis's motion for leave to amend her complaint. The proposed amendment would have added allegations of ADA violations inside the Emma Krumbee's restaurant. But the amended complaint does not allege that Davis encountered a violation inside the building. As we held in *Davis v. Anthony, Inc.*, Davis cannot use the violations encountered in the parking lot "to expand her standing to sue for unencountered violations inside the [restaurant] that never injured her." *Id.*

Davis responds that *Davis v. Anthony, Inc.* should not control here, because she has detailed knowledge of ADA violations inside Emma Krumbee's, and she intends to return to the restaurant. Our prior decision, however, was not premised on the plaintiff's level of knowledge about alleged violations or her interest in making a future entry; it turned on whether the plaintiff had suffered injury by *encountering* a violation inside the restaurant. As in *Davis v. Anthony, Inc.*, Davis seeks to sue over violations inside a building that she never entered, and we conclude that she lacks standing to do so. Therefore, the district court did not abuse its discretion in denying Davis's motion to amend as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

\* \* \*

For the foregoing reasons, we affirm the district court's dismissal of the action, but as the decision was based on lack of jurisdiction, we modify the judgment to dismiss Davis's ADA claims without prejudice. *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir. 2004).

_____