# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2123

_____

Aaron Dalton

*Plaintiff - Appellant*

v.

NPC International, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 14, 2019
Filed: July 31, 2019

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Aaron Dalton sued NPC International, Inc., seeking declaratory and injunctive relief for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.,* and corresponding ADA Accessibility Guidelines (ADAAG). The district court dismissed with prejudice. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands.

Dalton has cerebral palsy and requires a wheelchair for mobility. He travels in a van with a wheelchair lift. Dalton visited the Pizza Hut in Fergus Falls, Minnesota, in June 2017. The customer parking lot had two parking spaces reserved for persons with disabilities, but both lacked adjacent access aisles extending the full length of the spaces, as required by ADAAG 502.3.2. Two months later, Dalton sued NPC, Pizza Hut's owner, alleging it failed to make its place of public accommodation fully accessible to person with disabilities. NPC corrected the access aisles the next month, and moved to dismiss the complaint as moot.

Dalton amended the complaint to allege three additional ADA violations: the Pizza Hut lacked two fully accessible entrances and exits (ADAAG 206.4.1 and 207.1); no signs identified an accessible entrance and exit (ADAAG 216.6); and the service counter was too tall (ADAAG 227.3 and 904.4). The district court dismissed the amended complaint with prejudice. It concluded that Dalton's claims about the parking lot, signage, and service-counter violations were moot because NPC remedied the alleged violations. It rejected Dalton's argument that—because Dalton had not independently verified the alleged remediation—the motion to dismiss was premature. It dismissed the inaccessible entrance and exit claims because the relevant ADA requirements apply only to more newly-constructed buildings, and Dalton's allegation was "vague and conclusory" for failing to specify which door "constitute[d] this allegedly inaccessible entrance." This court reviews de novo dismissals under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See **Doe v. Nixon***, 716 F.3d 1041, 1051 (8th Cir. 2013) (lack of subject-matter jurisdiction for mooted claims); ***Wong v. Minnesota Dep't of Human Servs.***, 820 F.3d 922, 927 (8th Cir. 2016) (failure to state a claim).

This court affirms the conclusion that the parking lot violations are moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" ***Already, LLC v. Nike, Inc.***, 568 U.S.

85, 91 (2013), *quoting **Murphy v. Hunt***, 455 U.S. 478, 481 (1982) (per curiam).  "A defendant's voluntary compliance with a plaintiff's demands will moot a case if the defendant shows that 'it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" ***Davis v. Morris-Walker, LTD***, 922 F.3d 868, 870 (8th Cir. 2019), *quoting **Already, LLC***, 568 U.S. at 91.  Pizza Hut voluntarily remedied the alleged parking lot violations.  The district court concluded that these remediations are "permanent" such that "the violations are not reasonably likely to recur."  Dalton does not challenge these conclusions about the parking lot on appeal.  His parking lot claim is moot.

Because Dalton lacks standing to challenge the remaining architectural barriers, this court affirms the dismissal of the other three claims.  *See **Tony Alamo Christian Ministries v. Selig***, 664 F.3d 1245, 1248 (8th Cir. 2012) ("We may affirm based on any grounds supported by the record.").  The district court erroneously concluded that Dalton has standing to challenge all of the alleged barriers.  This court reviews standing de novo.  ***Heglund v. Aitkin Cty.***, 871 F.3d 572, 577 (8th Cir. 2017).

Relying on *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000), the district court concluded that ADA plaintiffs "need not have encountered the alleged obstacle," so long as they "have actual knowledge of the barriers."  In *Steger*, this court affirmed the dismissal of an ADA claim for lack of standing because—when the suit was filed—the plaintiff "had never been in the [challenged public facility] and had no personal knowledge whether it was accessible to him."  *Id.* at 891.  "Although plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers."  *Id.* at 892, *quoting*  **42 U.S.C. § 12188(a)(1)**.

Though lack of knowledge precludes standing, mere knowledge of barriers does not create standing.  In *Davis v. Anthony, Inc.*, 886 F.3d 674 (8th Cir. 2018)

(*Davis I*), Melanie Davis, a wheelchair user with cerebral palsy, sued a restaurant alleging ADA violations in the parking lot. *Id.* at 676. The district court dismissed the case as moot after the restaurant remedied the alleged violations. *Id.* Davis argued that the district court prematurely dismissed before allowing discovery about other possible ADA violations at the restaurant. *See id.* at 677–78. This court held that Davis lacked standing to challenge other possible ADA violations: "Davis cannot use the violation encountered in the parking space to expand her standing to sue for unencountered violations inside the [restaurant] that never injured her." *Id.* at 678.

Later, the same plaintiff sued a different restaurant alleging ADA violations in its parking lot. *Davis*, 922 F.3d at 869 (*Davis II*). She parked in the restaurant's main parking lot and alleged violations in the overflow lot. *Id.* She argued that *Davis I* did not control because here, she had detailed knowledge of the ADA violations. *Id.* at 871. This court rejected that argument, explaining that the prior decision "was not premised on the plaintiff's level of knowledge about alleged violations or her interests in making a future entry; it turned on whether the plaintiff had suffered injury by encountering a violation inside the restaurant." *Id.* at 872. "A plaintiff who encounters an alleged violation in a parking lot outside a building does not have standing to sue over violations inside the building." *Id.* at 871. Davis lacked standing "to sue over violations inside a building that she never entered." *Id.* at 872.

Likewise, Dalton lacks standing to sue over building violations when he never entered it. He has no standing to challenge the accessibility of Pizza Hut's entrances and exits, the signage, and the service counter height because he did not suffer injury by encountering these violations.

The district court erred by dismissing with prejudice. A dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). "A district court is generally barred from

-4-

dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."
***County of Mille Lacs v. Benjamin***, 361 F.3d 460, 464–65 (8th Cir. 2004) (reversing portion of judgment dismissing with prejudice on jurisdictional grounds and directing district court to enter judgment without prejudice).  *See also **Hart v. United States***, 630 F.3d 1085, 1091 (8th Cir. 2011) (modifying jurisdictional dismissal to be without prejudice).  The dismissal with prejudice is reversed.[1]

\* \* \* \* \* \* \*

The judgment is affirmed in part, reversed in part, and the case remanded for further proceedings consistent with this opinion.

_____

---

[1]Dalton requests this court to assign a new judge for remand.  To prevail, Dalton "was required to show that [the judge's] behavior in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'"  ***Perkins v. Astrue***, 648 F.3d 892, 903 (8th Cir. 2011), *quoting **Rollins v. Massanari***, 261 F.3d 853, 858 (9th Cir. 2001), *quoting **Liteky v. United States***, 510 U.S. 540, 551 (1994).  Dalton has not made this showing.  *See **Liteky***, 510 U.S. at 555–56 ("[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality.).