# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1044
_____

Marsha Moffit; Dennis Bradford; Emily Butler; Martin Davis

*Plaintiffs - Appellants*

v.

State Farm Mutual Automobile Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville
_____

Submitted: January 14, 2021
Filed: September 10, 2021
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

During the time that Marsha Moffit, Dennis Bradford, Emily Butler, and Martin Davis (Vehicle Owners) were insured by State Farm Mutual Automobile Insurance Company (State Farm), State Farm used a computer-generated vehicle valuation report to determine cash settlement amounts for the Vehicle Owners' automobiles' total losses. The Vehicle Owners filed suit in Arkansas state court on behalf of

themselves and those similarly situated. They alleged that State Farm had violated Arkansas Insurance Rule 43, which governs loss settlements, and had thereby committed fraud in the inducement, had breached their contracts, had acted in bad faith, and had engaged in an unconscionable, false, or deceptive act or practice in violation of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code § 4-88-107(a)(10).

After removing the case to federal district court[1] under the Class Action Fairness Act, State Farm moved to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). It argued that the Arkansas law, pursuant to which Rule 43 was promulgated does not provide a private right of action for a violation of its provisions. See Ark. Code § 23-66-202(b). The district court agreed and dismissed the claims, determining that because existing precedent makes clear that Rule 43 duties run to Arkansas, not to the insured, there can be no private right of action for violations of the Rule. See Design Pros. Ins. Co. v. Chi. Ins. Co., 454 F.3d 906, 911–12 (8th Cir. 2006) ("[W]hile the [Act authorizing Rule 43] gives the state authority to establish rules of conduct and to punish offenders, it provides no private right of action to insureds for violations of the Act or of regulations promulgated under the Act's authority." (citing Ark. Code § 23-66-202)).

After reviewing *de novo*, Dalton v. NPC Int'l, Inc., 932 F.3d 693, 695 (8th Cir. 2019) (standard of review), and without in any manner expressing any disagreement with the district court's analysis and conclusion, we rest our affirmance on different grounds. See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) ("We may affirm the district court's dismissal on any basis supported by the record." (citing In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002))).

---

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

As promulgated by the Arkansas Insurance Commissioner, Section 10 of Rule 43 states that "[w]hen the insurance policy provides for the adjustment and settlement of first party automobile total losses on the basis of actual cash value or replacement with another of like kind and quality," the insurer must follow one of three settlement methods. Ark. Ins. Rule 43 § 10(a). The first method entails the providing of a replacement automobile. See id. § 10(a)(1). The second method entails the paying of a cash settlement for the automobile's actual cost, as determined by either the "cost of a comparable automobile in the local market area" or the cost as calculated by quotations from two or more local dealers. Id. § 10(a)(2). The final method is as follows:

> When a first party automobile total loss is settled on a basis which deviates from the [first two] methods . . . , the deviation must be supported by documentation giving particulars of the automobile's condition. Any deductions from such cost, including deduction for salvage, must be measurable, discernible, itemized and specified as to dollar amount and shall be appropriate in amount. The basis for such settlement shall be fully explained to the first party claimant.

Id. § 10(a)(3).

State Farm paid cash for the Vehicle Owners' total losses on the basis of computer-generated valuation reports, and so it argues that the claims were properly settled pursuant to Section 10(a)(3) of Rule 43. The Vehicle Owners argue that State Farm was required to justify why it did not use the cash settlement method prescribed by Section 10(a)(2) of Rule 43. Section 10(a)(3) does not require insurers to justify their deviation from the methods prescribed in Section 10(a)(2), however. Rather, the Rule requires only that insurers thoroughly document any value deductions when they deviate from Sections 10(a)(1) and (2). State Farm's valuation reports, which are attached to the Vehicle Owners' complaint, clearly set forth the itemized deductions and additions in compliance with Section 10(a)(3). See Miller v. Redwood

Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (noting that we may consider in the motion to dismiss context "exhibits attached to the complaint whose authenticity is unquestioned"). The reports likewise fully explained the basis for the final settlement amounts. State Farm's settlement practice thus complied with Section 10(a)(3) of Rule 43.

The Vehicle Owners' claims rely in their entirety on allegations that State Farm failed to comply with Rule 43's settlement procedures. Because we conclude that these allegations demonstrate no such error, the Vehicle Owners have failed to state any claim.

The judgment is affirmed.

_____