# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2818

_____

Adam and Eve Jonesboro, LLC

*Plaintiff - Appellant*

v.

Harold Perrin, In His Official Capacity as Mayor of the City of Jonesboro, Arkansas

*Defendant - Appellee*

Leslie Rutledge, Attorney General for the State of Arkansas

*Intervenor*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: June 12, 2019
Filed: August 12, 2019

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Adam and Eve Jonesboro, LLC (Adam and Eve) appeals from the district court's[1] judgment upholding the constitutionality of an Arkansas zoning law that prevents adult-oriented businesses from opening within 1,000 feet of schools and other places frequented by children. We hold that Adam and Eve has not engaged in speech and therefore cannot state a claim under the First Amendment. We also hold that the zoning law is not unconstitutionally vague and does not violate equal protection. We affirm.

I.

Arkansas passed Act 387 of 2007 "to establish requirements governing the location of adult-oriented businesses in order to protect the public health, safety, and welfare and to prevent criminal activity." Ark. Code Ann. § 14-1-301(a). The Act prohibits those businesses from locating within 1,000 feet of a "child care facility, park, place of worship, playground, public library, recreational area or facility, residence, school, or walking trail." *Id.* § 303(a). The legislature acted "on evidence of the adverse secondary effects of adult-oriented businesses and on findings discussed in cases, including *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002), *Erie v. PAP's A.M.*, 529 U.S. 277 (2000), *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986), and *Young v. American Mini Theatres*, 427 U.S. 50 (1976)." *Id.* § 301(b). These harmful secondary effects include property crime, illicit drug use, prostitution, the potential spread of disease, and sexual assault. *Id.* The legislature decided that these businesses "should be separated from . . . places frequented by children to minimize the impact of the secondary effects." *Id.*

The Act applies to an "adult bookstore or video store," which is defined as a commercial establishment that "offers for sale or rent any of the following as one (1) of its principal business purposes":

---

[1] The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

(A) A book, magazine, periodical or other printed matter, photograph, film, motion picture, videocassette, reproduction, slide, or other visual representation that depicts or describes a specific sexual activity; or

(B) An instrument, a device, or paraphernalia that is designed for use in connection with a specific sexual activity.

*Id.* § 302(2). A "specific sexual activity" is a "sex act, actual or simulated," or "[f]ondling or other erotic touching of a human genital, a pubic region, a buttock, an anus, or a female breast." *Id.* § 302(24).

The Act grandfathers in stores that opened before July 31, 2007, and does not apply when a protected site, like a school or daycare, subsequently locates within a business's buffer zone. *Id.* §§ 303(c), 307. Violations of the Act are punished as a Class A misdemeanor. *Id.* § 306. Localities may also pass ordinances that are "at least as restrictive" as the Act. *Id.* § 304.

More than a decade after the Act became law, Appellant wanted to open an Adam and Eve franchise in Jonesboro. According to its website, the national retailer promotes itself as the "#1 Adult Toy Superstore" and the "leading sex toy company in the USA."[2] It advertises a wide variety of bondage gear, lingerie, movies, and personal lubricants. *Id.* The proposed Jonesboro franchise, however, would sell only lingerie, adult toys, costumes, novelties, games, massage oils, and personal lubricants.

In December 2017, Adam and Eve received a privilege license to do business in Jonesboro. The privilege license application instructs potential entrepreneurs to coordinate with city planners to ensure that their proposed locations and uses comply with zoning laws. Adam and Eve did not do so, and on January 25, 2018, the building inspector refused to issue a certificate of occupancy that is required to open a business. The City Attorney explained that "the location chosen by the store requires them to apply for and receive a conditional use permit, based upon its

_____

[2] ADAM & EVE, https://www.adameve.com/ (last visited Aug. 5, 2019).

-3-

zoning." JA 13. The permit could not issue because "it does not meet the distance requirement from churches, daycares, and residential uses." *Id.*

## II.

Adam and Eve filed suit pursuant to 42 U.S.C. § 1983 alleging that the Act violated its First, Fifth, and Fourteenth Amendment rights and similar Arkansas rights. The complaint asserted that the Act violated the First Amendment because it "restrains the plaintiff's retail sale of merchandise, based on the content of the merchandise." JA 5. Adam and Eve highlighted it would not host on-site entertainment such as "booths, stalls, or . . . rooms for the on-premises viewing of movies" or "live adult entertainment or dancing of any sort." JA 2.

Arkansas intervened to defend the Act. The parties conducted limited discovery and stipulated to these facts: (1) Adam and Eve could open a store in the correct zoning area, (2) Adam and Eve would not sell pornographic DVDs, books, and magazines, (3) other Jonesboro stores, such as Walmart, sell regulated items like condoms, and (4) a nonparty retailer, Spencer's, opened prior to 2007 and its inventory contains less than 10% of such items. Adam and Eve also conceded that more than 30% of its revenue derived from regulated items.

After a full day of argument, the district court ruled from the bench. The court concluded that intermediate scrutiny applied to Adam and Eve's First Amendment claim and held that, under *Renton* and *Alameda Books,* the Act passed muster. Specifically, the court credited the legislature's focus on the secondary effects caused by adult businesses. Thus, it was "quite reasonable and rational for a legislator to conclude that more of these kinds of [adult-oriented] businesses contribute or create the potential for more of the bad secondary effects." JA 181.

Turning to the vagueness challenge, the court rejected Adam and Eve's arguments that the Act was unconstitutional because it "doesn't contain percentages, [and] it doesn't contain definitions of what [] a principal business purpose is."

-4-

JA 139.  According to Adam and Eve, the legislature must define it "by floor space, gross revenue, net revenue, [or] amount in inventory."  JA 141.  The district court, however, interpreted the term's plain meaning as "main or chief."  JA 181.  Although 10% of gross revenue from regulated products is not enough to qualify as a principal business purpose, the district court found that a business with "one-third of the gross revenue [] derived from [these] various products that qualify" is sufficient.  JA 184.

The district court also rejected the claim that the Act violates equal protection because it has not been applied to Walmart and Spencer's, who also sell regulated items.  It held that "[t]here's no other business similarly situated that's been treated differently or better."  JA 182–83.  Although Spencer's is similar to Adam and Eve, it was not similarly-situated because the Act grandfathered in nonconforming businesses.  The court noted that the law "routinely draws lines involving dates." JA 183.  As to other stores, the court explained that there was "no evidence that the sale, offering for sale of these kind of materials at Walmart or Walgreen's or CVS is anything other than incidental."  *Id.*

Adam and Eve timely appealed.  We review constitutional challenges and questions of statutory interpretation *de novo*.  *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 686 F.3d 889, 893 (8th Cir. 2012) (en banc).

## III.

The First Amendment prohibits laws "abridging the freedom of speech." U.S. Const. amend. I.  Its protection extends beyond verbal and written statements to expressive conduct that is "sufficiently imbued with elements of communication." *Texas v. Johnson*, 491 U.S. 397, 404 (1989).  Such conduct includes "nude dancing, burning the American flag, flying an upside-down American flag with a taped-on peace sign, wearing a military uniform, wearing a black armband, conducting a silent sit-in, refusing to salute the American flag, and flying a plain red flag." *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719, 1741–42 & n.1

(2018) (Thomas, J., concurring in part and in the judgment) (collecting cases). Even sales of "video games qualify for First Amendment protection." *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790 (2011).

Yet, not all conduct is "protected speech simply because the person engaging in [it] intends thereby to express an idea." *Masterpiece Cakeshop*, 138 S. Ct. at 1742. A court "must first determine whether [the plaintiff's action] constituted expressive conduct." *Johnson*, 491 U.S. at 403. We ask "whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it." *Id.* at 404. The party "desiring to engage in assertedly expressive conduct [must] demonstrate that the First Amendment even applies." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984).

Adam and Eve fails to make such a showing. It claims that "this is a restraint of speech based purely on content, they don't like what [Adam and Eve is] selling."[3] JA 131. But Adam and Eve has cited no authority that selling sexually-oriented devices is speech. Moreover, it expressly and repeatedly rejects that it is an adult-oriented business similar to those found in *Alameda Books*, *Erie*, *City of Renton*, or *Young*—each of which, according to the Supreme Court, engaged in protected speech.

Adam and Eve has jettisoned any claim to expressive conduct. The parties stipulated that "Adam and Eve agrees not to sell pornographic DVDs, books, and magazines." JA 163. Counsel repeatedly stressed that the "store in Jonesboro has not, does not, and will not sell DVDs, videos, books, literature, periodicals, posters of any kind." JA 128; *see also* JA 176 ("this isn't an adult bookstore with respect to

---

[3] At oral argument, Adam and Eve claimed that the speech interest in *Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 116 (1991), is at issue here. In that case, however, a New York statute stopped criminals from profiting off their misdeeds in "a movie, book, magazine article, tape recording, phonograph record, radio or television presentation, [or] live entertainment of any kind." *Id.* at 109 (quoting N.Y. Exec. Law § 632-1). No such speech exists here.

having viewing rooms or selling DVDs or selling pornographic material"). And before us, Adam and Eve highlights that there are "no videos, there are no movie booths, no movie screens, and no live entertainment at the Appellant's store." Appellant's Reply Br. 2.

After disavowing any expressive conduct, we hold that Adam and Eve cannot state a claim under the First Amendment.[4] Because there is no speech to protect, Adam and Eve's claim that the district court applied the wrong standard of review to its free speech claim misses the mark. Although the district court never considered whether Adam and Eve engaged in expressive conduct, we may affirm a judgment on any ground supported by the record. *Ledergerber v. Stangler*, 122 F.3d 1142, 1145 (8th Cir. 1997). We do so here.

IV.

Adam and Eve next asks us to find that the Act is impermissibly vague because "[p]rincipal business purpose is undefined." Appellant's Br. 7.

A statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Legislatures are not required to define every term in a statute. *Phelps-Roper v. Koster*, 713 F.3d 942, 952 (8th Cir. 2013). In the absence of a definition, words are given their ordinary meaning. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012); *Schumacher v. Cargill Meat Sols. Corp.*, 515 F.3d 867, 871 (8th Cir. 2008). The Supreme Court has cautioned that "perfect

---

[4] Counsel also argued that "if there's no expressive speech, then the statute does not apply" to Adam and Eve. This Section 1983 suit only asks if the Act violates Adam and Eve's constitutional rights—not whether its business is an "adult bookstore" under Arkansas law. Our conclusion that Adam and Eve does not assert a First Amendment right has no bearing on the Act's statutory definitions.

clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010). Further, a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* at 20. Both considerations apply here.

The Act applies to a store that sells or rents certain sexually-related items as "one (1) of its *principal business purposes*." Ark. Code Ann.§ 14-1-302 (emphasis added). We find that the ordinary meaning of principal business purpose is not vague. Adam and Eve concedes as much, agreeing that "principal means chief or main." Nor are we the first court to conclude that term is "sufficiently specific and precise to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited." *MJJG Rest., LLC v. Horry Cty., S.C.*, 11 F. Supp. 3d 541, 558 (D.S.C. 2014).

Adam and Eve claims that the term lacks specificity because it does not declare how an entity's "principal business purpose" is quantified, *e.g.*, floor space, gross revenue, net revenue, or amount in inventory. We do not require such precision. *Holder*, 561 U.S. at 18–19. Laws with "flexibility and reasonable breadth" are permitted because "it is clear what the ordinance as a whole prohibits." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972); *id.* at 112 (approving law where "the prohibited quantum of disturbance is not specified"). This is especially true here, as the Act permits localities to address these concerns in their ordinances.

Adam and Eve also argues that, to be a principal business purpose, the prohibited activity must be "what they sell and nothing else, mainly" or, at minimum, more than half of the items it sells. JA 167. The Act's text rejects that meaning: the preceding clause, "one (1) of its," contemplates more than one principal business purpose. In a similar context, the Sixth Circuit recognized the possibility of "establishments with several 'principal uses' of equal importance." *Entm't Prods., Inc. v. Shelby Cty., Tenn.*, 588 F.3d 372, 382 (6th Cir. 2009). We see no reason that

-8-

there cannot be more than one principal business purpose and agree with the district court that an activity generating 30% of a store's gross revenue is such a purpose.

Our decision comports with similar cases involving adult-use zoning laws. For example, the Fourth Circuit rejected a vagueness challenge to the words "substantial or significant" because "it is clear that forty percent of retail space, amounts to a 'substantial or significant proportion.'" *Mom N Pops, Inc. v. City of Charlotte, N. C.*, No. 97-2359, 1998 WL 537928, at *6 (4th Cir. 1998) (per curiam). And in response to a First Amendment challenge, our court considered a "one-night adult performance using more than 10% of [a store's] floor space" a principal use. *BZAPS, Inc. v. City of Mankato*, 268 F.3d 603, 605 (8th Cir. 2001). As such, it is not surprising that Adam and Eve's business falls within the Act.

It is undisputed that a substantial portion of Adam and Eve's business involves selling items the statute reaches. A vagueness challenge, however, does not permit a plaintiff to "speculat[e] about possible vagueness in hypothetical situations not before the Court." *Hill v. Colorado*, 530 U.S. 703, 733 (2000). A plaintiff whose conduct "is clearly proscribed cannot raise a successful vagueness claim under the Due Process Clause of the Fifth Amendment for lack of notice." *Holder*, 561 U.S. at 20. On these facts, Adam and Eve's vagueness challenge falls apart.

V.

Finally, Adam and Eve's equal protection claim fails as it has not shown that the Act treats it differently than similarly situated entities or lacks a rational basis.

The Equal Protection Clause generally "requires the government to treat similarly situated people alike." *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018). "[L]egislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). The Constitution does not require every classification to be drawn with "precise mathematical nicety." *U. S.*

*Dep't of Agric. v. Moreno*, 413 U.S. 528, 538 (1973). The Supreme Court has observed that laws failing this inquiry share "a common thread," in that "the laws at issue lack any purpose other than a 'bare . . . desire to harm a politically unpopular group.'" *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018).

"[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Kemp*, 894 F.3d at 909. Absent this threshold showing, Adam and Eve "does not have a viable equal protection claim." *Id.* It is well-established that "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

We agree with the district court that Adam and Eve did not make this showing. A stipulation that "Spencer's sells less than 10 percent of items prohibited by the statute" is its only record evidence. JA 161. But Spencer's is not similarly situated because Adam and Eve did not open before 2007. Similarly, a stipulation that "other stores in the city of Jonesboro [] sell condoms, lubricants, and one brand of personal massager" is insufficient. JA 162. Adam and Eve's comparisons to Walgreen's, Walmart, and CVS cite no facts showing that these entities are similarly situated. As a result, there is no evidence that regulated items are staples of such general stores as they are to a franchise of America's leading sex toy company.

Even had Adam and Eve met this threshold, it has not shown that the sole purpose of this time, place, and manner restriction is to harm a politically unpopular group. Courts have long recognized that adult-use zoning laws serve a substantial government interest. *City of Renton*, 475 U.S. at 50; *Holmberg v. City of Ramsey*, 12 F.3d 140, 143 (8th Cir. 1993). The plaintiff must show that the connection between the classification and the asserted interest is arbitrary or irrational. *City of Cleburne*, 473 U.S. at 446. The Supreme Court has found it irrational to require a permit for a mentally handicapped group home when the government's justifications applied equally to fraternal houses, nursing homes, and dormitories that did not need a permit.

*Id.* at 449–450. It has also struck down a Food Stamp program requirement that had no practical effect and equally targeted fraudsters and "those persons who are [] desperately in need of aid." *U. S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 538 (1973). No similar animus can be shown here.

The Act, as a whole, focuses on the harmful secondary effects associated with adult-oriented businesses. Ark. Code Ann. § 14-1-301(2). It seeks to contain externalities that are tied to these kinds of entities. *See Alameda Books, Inc.*, 535 U.S. at 442; *see also Hart Book Stores, Inc. v. Edmisten*, 612 F.2d 821, 830 (4th Cir. 1979). The Act does not ban Adam and Eve from operating in Jonesboro. And this is an easier case than *Holmberg*, where we upheld a city ordinance that required existing stores to close and relocate. 12 F.3d at 144. As a result, the Act does not evince a desire to harm adult-oriented businesses, and we find no equal protection violation.

VI.

The judgment of the district court is affirmed.

_____