# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2369
_____

Rebecca Smith, on her own behalf and on behalf of all others similarly situated; Cristine M. Ghanim, individually and on behalf of all others similarly situated

*Plaintiffs - Appellants*

v.

UnitedHealth Group Inc.; United HealthCare Services, Inc.; United HealthCare Insurance Company; United Medical Resources; United Healthcare Service LLC; Doe *Defendant*s, 1-10

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 14, 2024
Filed: July 8, 2024
_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Rebecca Smith and Cristine Ghanim are participants in separate self-funded health insurance plans administered by UnitedHealth Group Inc. ("United"). They initiated this putative class action after United did not pay their providers in full, but instead offset the amount due based on sums United claimed the provider had been

previously overpaid. The claims are brought under 29 U.S.C. § 1132(a)(2) and assert United's practice of offsetting violates its duty of loyalty and other prohibitions under the Employee Retirement Income Security Act of 1974 ("ERISA"). United filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). The district court[1] granted United's motion, concluding the participants lacked standing. We affirm.

## I.    BACKGROUND

United administers two types of health-insurance plans governed by ERISA: "fully insured" and "self-funded." For fully insured plans, United pays for covered healthcare expenses out of its own assets in exchange for premiums. For self-funded plans, the plan pays for covered expenses by taking contributions from the plan's participants (employees) and contributions from the plan's sponsor (employer). For both plans, United determines whether a provider's services are covered and processes claims, including paying providers. When United overpays a provider, it utilizes cross-plan offsetting to recoup the overpayment. Cross-plan offsetting allows a plan administrator to offset amounts due to an overpaid provider when any participant covered by any of the plans administered obtains covered services from the overpaid provider.

Rebecca Smith is a participant in a self-funded health benefits plan sponsored by her husband's employer. Cristine Ghanim is a participant in a different self-funded health benefits plan sponsored by her employer. The provision in both plans' Summary Plan Description describes how the plans will recoup overpayments:

> If the refund is due from a person or organization other than the
> Covered Person, the Plan may recover the overpayment by reallocating
> the overpaid amount to pay, in whole or in part, . . . (ii) future benefits

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

that are payable in connection with services provided to persons under other plans for which [United] makes payments, pursuant to a transaction in which the Plan's overpayment recovery rights are assigned to such other plans in exchange for such plans' remittance of the amount of the reallocated payment.

Additionally, both plans delegate to United the discretion to decide how to implement cross-plan offsets when paying benefits. Both plans state:

Payment of Benefits under the Plan shall be in cash or cash equivalents, or in the form of other consideration that [United] in its discretion determines to be adequate. Where Benefits are payable directly to a provider, such adequate consideration includes the forgiveness in whole or in part of amounts the provider owes to other plans for which [United] makes payments, where the Plan has taken an assignment of the other plans' recovery rights for value.

Smith and Ghanim underwent medical procedures in 2020. United covered their claims and utilized cross-plan offsets to pay the providers. For Smith, United paid $39,458.99 of the $42,082.13 bill after applying a $2,623.14 offset. For Ghanim, United determined that the total bill was $13,908.24, applied a $10,958.93 offset, and paid the provider $2,949.31. Smith and Ghanim assert that the offsets leave them liable to the providers for the unpaid difference so they brought suit in the District of Minnesota seeking to represent all persons in the United States who were covered under an ERISA self-funded plan administered by United, who had at least one claim not paid in full because United applied some portion of the covered amount toward an alleged overpayment by a different plan. They allege that transferring self-funded plan assets as reimbursement for overpayments made from its own fully insured plans unlawfully benefits United and is detrimental to self-funded plans. They claim United's practice constitutes a breach of fiduciary duty and loyalty and violates other ERISA prohibitions. Smith and Ghanim seek injunctive and equitable relief.

United moved to dismiss under Fed. R. Civ. P. 12(b)(1), asserting that Smith and Ghanim lack standing because they have not suffered a concrete injury. It also moved to dismiss under Rule 12(b)(6) for failure to state a claim. The district court found Smith and Ghanim's claims lack constitutional standing and dismissed the complaint under Rule 12(b)(1).

## II.    DISCUSSION

We review standing *de novo*. Dalton v. NPC Int'l, Inc., 932 F.3d 693, 695 (8th Cir. 2019). "In assessing a plaintiff's Article III standing, we must 'assume that on the merits the plaintiffs would be successful in their claims.'" Am. Farm Bureau Fed'n v. U.S. Env't Prot. Agency, 836 F.3d 963, 968 (8th Cir. 2016) (quoting Muir v. Navy Fed. Credit Union, 529 F.3d 1100, 1106 (D.C. Cir. 2008)).

When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a "facial attack" or a "factual attack" on jurisdiction. Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). If it is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6). Id. Here, the district court stated it was applying the standard for reviewing motions under Rule 12(b)(6).

"Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). In other words, even in the context of a statutory violation, a plaintiff must still demonstrate a concrete injury. Id. at 342. Because the fiduciary duties created by ERISA are owed to the plan, plan participants lack a "legal or equitable ownership in the plan assets." Thole v. U. S. Bank N.A, 590 U.S. 538, 548 (2020) (Thomas, J., concurring).

-4-

While Smith and Ghanim contend they suffered a concrete injury similar to the plan participants in <u>Mitchell v. Blue Cross Blue Shield of North Dakota</u>, 953 F.3d 529, 535–36 (8th Cir. 2020), <u>Mitchell</u> is distinguishable. The plaintiffs in <u>Mitchell</u> alleged a breach of contract that could be redressed by an award of contractual benefits. <u>See</u> 953 F. 3d at 536 (holding that "[t]he denial of benefits to which a plan participant is contractually entitled is a 'particularized' injury that affects the participant in 'a personal and individual way' [and] [is] [concrete]" and "[a] court can redress this injury by awarding the contractual benefits to which the participant is entitled") (quoting <u>Spokeo</u>, 578 U.S. at 339). Smith and Ghanim do not allege a breach of contract as they are not contractually entitled to having a payment of approved benefits be made in cash. In fact, Smith and Ghanim recognize that their plans explicitly delegate to United the discretion to implement cross-plan offsetting.

Smith and Ghanim's reliance on <u>GameStop, Inc.</u>, 833 F.3d 903, is also unavailing because in that case there was a breach of contract while the plans here specifically allow for cross-plan offsetting. Smith and Ghanim make no claim that United breached their plans; rather they assert that a breach exists only because the plans' language is inconsistent with ERISA. By seeking to construe their plans consistent with ERISA, Smith and Ghanim have asserted a statutory cause of action but have not shown a concrete injury.

Smith and Ghanim's final undeveloped argument is that the material risk of future harm can satisfy the concrete-harm requirement. This claim fails because the Supreme Court "has recognized, a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." <u>TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021)</u>. But here the injunctive relief Smith and Ghanim seek will not prevent providers from collecting on their outstanding debts. Also, they merely argue that United's cross-plan offsetting created a risk that the providers will seek to collect on their outstanding debts in the future. "Plaintiffs cannot rely on speculation about the unfettered choices made by independent actors

not before the court." <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 414 n.5 (2013) (internal quotation omitted).

## III.   CONCLUSION

For the foregoing reasons, we affirm the district court's grant of United's motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

_____