# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 25-2441

———————————————

Thomas O. Matula, Jr.

*Plaintiff - Appellant*

v.

Wells Fargo & Company; Human Resources Committee of the Wells Fargo Board of Directors; Wells Fargo Employee Benefits Review Committee

*Defendants - Appellees*

------------------------------

Chamber of Commerce of the United States of America; The ERISA Industry Committee; National Retail Federation

*Amici on Behalf of Appellee(s)*

—————————

Appeal from United States District Court
for the District of Minnesota

—————————

Submitted: March 18, 2026
Filed: May 12, 2026

—————————

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

—————————

GRUENDER, Circuit Judge.

Thomas Matula, Jr. brought a class action lawsuit against Wells Fargo & Company and two of its committees tasked with administering retirement benefits (collectively, "Wells Fargo"), alleging that Wells Fargo's use of forfeited 401(k) funds violates several provisions of the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a), (e), (f), (g). The district court dismissed the suit with prejudice for lack of Article III standing. We agree that Matula failed to establish Article III standing but remand for the district court to enter a dismissal without prejudice.

## I. Background

Wells Fargo administers a defined contribution 401(k) plan (the "Plan") for the benefit of its employees subject to the Plan rules and ERISA. While employed by Wells Fargo, employee participants can make immediately vesting contributions to their Plan accounts. Wells Fargo has agreed to "match" up to six percent of those contributions as an employee benefit. Unlike an employee's contributions, however, Wells Fargo's contributions vest over time and do not fully vest until an employee reaches three years of employment. Employees who depart from Wells Fargo before reaching the three-year mark forfeit any unvested matching contributions in their accounts to the Plan.[1] Under the Plan rules, Wells Fargo, as the Plan administrator, has the "sole discretion" to use these forfeited funds in one of three ways: (1) to offset its employer contributions, (2) "to pay the expenses of the Plan", or (3) "to make corrective adjustments to Accounts." Wells Fargo has elected to use forfeited funds to offset its contributions, thereby reducing the amount it must pay out of the company treasury to meet its contribution obligations.

---

[1] In 2022, Wells Fargo employees forfeited roughly $2 million in unvested matching contributions.

On June 11, 2024, Matula sued Wells Fargo on behalf of a putative class of Plan participants and beneficiaries, alleging that the company's use of forfeited funds to offset its matching contributions—rather than to "pay expenses of the Plan" or "make corrective adjustments"—constituted a breach of fiduciary duty and self-dealing in violation of several ERISA provisions. Wells Fargo moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. As to the former, Wells Fargo argued that Matula had failed to allege that he suffered an injury in fact and therefore failed to establish Article III standing. The district court agreed on the basis that, contrary to Matula's assertions in his complaint, the Plan rules did not authorize Wells Fargo to pay any Plan-related expenses borne by participants or to distribute forfeited funds to participants as "corrective adjustments" unless to correct an error in balance calculation. Accordingly, the district court concluded that Matula had failed to plead an actual injury to himself traceable to Wells Fargo's use of forfeited funds and dismissed his complaint with prejudice.

Matula appeals, arguing that the district court committed reversible error by evaluating his standing based on Wells Fargo's interpretation of the Plan rules and materials not encompassed by the pleadings. Under a properly cabined analysis, Matula asserts that he has established Article III standing. Regardless, however, he also contends that the district court abused its discretion by dismissing the complaint with prejudice.

## II. Discussion

We review standing *de novo*. *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019). As the named plaintiff in a class action, Matula must meet the "irreducible constitutional minimum of standing," meaning he must plausibly allege "(1) an injury-in-fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision in court." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation modified). Wells Fargo acknowledges that it has levied a "facial attack" against Matula's Article III

-2-

standing. *See id.* (comparing "facial" and "factual" attacks to standing). Therefore, we evaluate his standing after "accepting as true all facts alleged in the complaint" and "considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *See id.* (citation modified). In doing so, we also "assume that on the merits [Matula] would be successful in [his] claims." *See Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 812 (8th Cir. 2024).

The district court did not take that approach. Instead, it adopted Wells Fargo's view of what the Plan rules authorized with respect to the use of forfeited funds "to pay expenses of the Plan" and "make corrective adjustments," then concluded Matula lacked Article III standing because he was not entitled to any forfeited funds under that view. We agree with Matula that the district court's analysis departed from our precedent. Nonetheless, we affirm that Matula failed to establish Article III standing. *See Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 958 (8th Cir. 2019) ("[W]e may affirm a judgment on any ground supported by the record.").

To establish Article III standing for his ERISA claims, Matula must plead a "particularized injury that affects [him] in a personal and individual way" and that is traceable to the violating act or acts allegedly taken by Wells Fargo. *See Mitchell v. Blue Cross Blue Shield of North Dakota*, 953 F.3d 529, 535–36 (8th Cir. 2020); *c.f. Thole v. U.S. Bank N.A.*, 590 U.S. 538, 542 (2020) (concluding participants in a defined benefit plan lacked Article III standing to bring ERISA claims against plan administrator because their "benefits are fixed and will not change, regardless of how well or poorly the plan is managed"). At oral argument, Matula's counsel candidly acknowledged that the complaint does not allege any actual injury to Matula's Plan account stemming from Wells Fargo's use of forfeited funds.[2] Having reviewed the complaint and the materials encompassed by it, we agree with that

---

[2] Specifically, counsel noted the complaint identified "Plan-level" harms but conceded that "we haven't pled a harm to [Matula]" and "we did not identify . . . in our complaint" any specific expenses paid by Matula that could have been offset with forfeited funds.

assessment. Therefore, even after accepting Matula's assertion that the Plan rules allowed Wells Fargo to use forfeited funds to "pay expenses of the Plan" or "make corrective adjustments," we affirm that Matula failed to plead an injury in fact and thus lacked Article III standing. *See Harley v. Minn. Min. and Mfg. Co.*, 284 F.3d 901, 906 (8th Cir. 2002) ("[T]he limits on judicial power imposed by Article III counsel against permitting participants or beneficiaries who have suffered *no* injury in fact from suing to enforce ERISA fiduciary duties on behalf of the Plan.").

That said, we agree with Matula that the district court abused its discretion by dismissing his complaint with prejudice. *See Ellis v. Nike USA, Inc.*, 158 F.4th 932, 935-36 (8th Cir. 2025) (reviewing district court's dismissal with prejudice under an abuse of discretion standard). "A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent." *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004). The stark circumstances that might justify departing from that general rule are not present here. *See, e.g.*, *McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 734 (8th Cir. 2005) (concluding district court did not abuse its discretion in dismissing complaints with prejudice for lack of standing because plaintiffs had repeatedly failed to correct deficiencies over nearly a decade of litigation).

## III. Conclusion

Accordingly, we affirm the dismissal of Matula's complaint for lack of Article III standing but remand for the district court to enter a dismissal without prejudice.

_____